## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MATTHEW FANSLAU, ANTHONY HOUSTON, and JOSHUA CRUZ, individually, and on behalf of all others similarly situated,** ) ) ) ) ) | **Case No. 1:18-cv-7181** |
| **Plaintiff,** ) ) | |
| **v.** ) ) | |
| **ECO SHIELD PEST CONTROL CHICAGO, LLC, ECO SHIELD PEST CONTROL CORPORATE, LLC, MIKE SAWTELLE, ROBERT DOUG CARDON, RYAN J. BUCHANAN, and GREGORY NYGREN,** ) ) ) ) ) ) | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Matthew Fanslau, Anthony Houston and Joshua Cruz, individually and on behalf of all others similarly situated, by and through counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and in accordance with Illinois state wage and hour laws against Defendants Eco Shield Pest Control Chicago, LLC, Eco Shield Pest Control Corporate, LLC, Mike Sawtelle, Robert Doug Cardon, Ryan Buchanan, and Gregory Nygren and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

### NATURE OF ACTION

1.       This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois

Wage Payment Collection Act ("IWPCA") 820 ILCS 115, *et seq*., for Defendants' failure to pay Plaintiffs and other similarly-situated persons all earned overtime wages, and failure to compensate Plaintiffs and other similarly situated persons for all time worked.

2.     Plaintiffs are individuals who were employed by Defendants as service technicians or other similarly-titled position during the statutory period. Plaintiffs and all others similarly situated shared similar job titles, compensation plans, job descriptions, and job requirements.

3.     Defendants operate a pest control company within this judicial district. Defendants managed Plaintiffs and putative class members' work, including the number of hours worked by technicians. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensated policies.

4.     Plaintiffs and putative class members were classified by Defendants as non-exempt under federal and state wage and hour laws and paid an hourly rate. The amount of Plaintiffs' and putative class members' hourly rate varied and was contingent on the amount of jobs completed by each technician on a weekly or bi-weekly basis.

5.     Defendants provided Plaintiffs and putative class members with work orders on a daily basis through a phone app called "TechRoutes." Plaintiffs traveled to customer homes to perform pest control services and complete work orders. At the close of each job, Plaintiffs were required to enter either the "marked as service" button or "marked as no show" button on the TechRoutes app to indicate to Defendants that the job had been completed.

6.     Defendants suffered and permitted Plaintiffs and putative class members to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs routinely worked in excess of eight hours per day, six or seven days per week, driving to customers' homes, completing pest control sprays, and performing additional work.

7. Defendants required Plaintiffs to clock in and out of work each day using a mobile application. However, Defendants trained and dictated to technicians that they should record less time than actually worked.

8. Defendants required Plaintiffs and putative class members to perform tasks including and not limited to checking work assignments on the TechRoutes app the night before their shift, determining whether they had the proper supplies to complete their assigned jobs, and driving to Defendants' office to pick up any pesticides needed before their shift began. Defendants knew and were aware at all times that their service technicians were not paid for this time worked.

9. Defendants required Plaintiffs to attend weekly and bi-monthly meetings to inspect vehicles and instruct technicians on work procedures. These meetings lasted anywhere from two to six hours. Defendants knew and were aware at all times that their service technicians were not being paid for attendance at these mandatory meetings.

10. Defendants failed to accurately record actual hours worked by their service technicians. Rather, Defendants willfully encouraged service technicians to perform tasks and work additional time, including overtime, while off-the-clock.

11. Defendants knew and were aware at all times that their service technicians routinely worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay service technicians for all overtime hours actually worked.

12. Defendants' practices violated the provisions of the FLSA and Illinois wage and hour laws. As a result of Defendants' unlawful practices, Defendants benefited from reduced labor and payroll costs.

13. Plaintiffs and putative class members were all subject to Defendants' uniform policies and practices and were victims of Defendants' common schemes to deprive them of

overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs and putative Class Members in accordance with the requirements of federal and state wage and hour laws, Plaintiffs and putative class members suffered lost wages and other damages.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over this action under 29 U.S.C. §216(b), which provides that a suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." Plaintiffs have signed opt-in consent forms to join this lawsuit (Group Exhibit A).

15.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the FLSA.

16.     This Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

18.     Plaintiff Matthew Fanslau ("Fanslau") is a natural person and a citizen of Illinois. Fanslau worked as an hourly paid, non-exempt service technician for Defendants in Illinois during the applicable statute of limitations period. At all relevant times, Fanslau was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

19.     Plaintiff Anthony Houston ("Houston") is a natural person and a citizen of Illinois. Houston worked as an hourly paid, non-exempt service technician for Defendants in Illinois during

the applicable statute of limitations period. At all relevant times, Houston was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

20.     Plaintiff Joshua Cruz ("Cruz") is a natural person and a citizen of Illinois. Cruz worked as an hourly paid, non-exempt service technician for Defendants in Illinois during the applicable statute of limitations period. At all relevant times, Cruz was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

21.     Defendant Eco Shield Pest Control Chicago, LLC ("Eco Shield Chicago") is an Arizona limited liability company registered to do business in the State of Illinois. Eco Shield Chicago offers pest control services throughout northern Illinois. Eco Shield Chicago's technicians service customers located throughout northern Illinois. Eco Shield Chicago is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

22.     Defendant Eco Shield Pest Control Corporate, LLC ("Eco Shield Corporate") is an Arizona limited liability company. Eco Shield Corporate is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

23.     At all relevant times, Defendant Mike Sawtelle ("Sawtelle") was the owner of Eco Shield Chicago. At all relevant times, Sawtelle exercised operational control over Eco Shield Chicago, controlled significant business functions of Eco Shield Chicago, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Eco Shield Chicago in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Sawtelle was an "employer" as defined

5

by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

24.     At all relevant times, Defendant Robert Doug Cardon ("Cardon") was the owner of Eco Shield Corporate. At all relevant times, Cardon exercised operational control over Eco Shield Corporate, controlled significant business functions of Eco Shield Corporate, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Eco Shield Corporate in devising, directing, implementing, and supervising the wage and hour practices and policies relating to all Eco Shield employees. As such, at all relevant times, Cardon was an "employer" as defined by FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

25.     At all relevant times, Defendant Ryan J. Buchanan ("Buchanan") was the owner of Eco Shield Corporate. At all relevant times, Buchanan exercised operational control over Eco Shield Corporate, controlled significant business functions of Eco Shield Corporate, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Eco Shield Corporate in devising, directing, implementing, and supervising the wage and hour practices and policies relating to all Eco Shield employees. As such, at all relevant times, Buchanan was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

26.     At all relevant times, Defendant Gregory Nygren ("Nygren") was the owner of Eco Shield Corporate. At all relevant times, Nygren exercised operational control over Eco Shield Corporate, controlled significant business functions of Eco Shield Corporate, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Eco Shield Corporate in devising, directing, implementing, and supervising the wage and hour practices and

policies relating to all Eco Shield employees. As such, at all relevant times, Nygren was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/13.

## FACTUAL ALLEGATIONS

27. Plaintiffs, like those they seek to represent, are individuals who worked for Defendants as a service technician, or any other similarly-titled position during the statutory period. Plaintiffs and putative class members all shared similar job titles, training, job descriptions, job requirements, and compensation plans, among other things.

28. Defendants managed Plaintiffs' and putative class members' work, including the number of hours worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. Plaintiffs and others similarly situated were classified by Defendants as non-exempt under the FLSA and Illinois wage laws but were not paid an hourly rate; instead, Plaintiffs and putative class members were paid on a "per-house" basis.

30. If Plaintiffs and others similarly situated worked more than 40 hours in any given workweek, they were paid at an hourly rate and received straight-time pay for all hours worked over 40 in any given workweek.

31. If Plaintiffs and others similarly situated worked more than 80 hours in any given two-week pay period, they were paid at an hourly rate and received straight-time pay for all hours worked over 80 in the two-week pay period.

32. Defendants encouraged, suffered, or permitted Plaintiffs and putative class members to perform work before and/or after their scheduled shift and during meal breaks, but did not pay them for such time worked. These unpaid work activities include, but are not limited to,

cleaning and maintaining work vehicles, reviewing work assignments on the TechRoutes app to determine required supplies for each route, answering calls from receptionists at Defendants' main office informing them that they have been given additional assignments, and driving to Defendants' main office to pick up any pesticides needed for an assignment.

33.     Defendants provided no instruction and no policies or procedures instructing Plaintiffs and putative class members to track or record interrupted meal breaks. In fact, Defendants encouraged Plaintiffs and putative class members to record a 30-minute unpaid meal break any time they worked more than four hours, regardless of whether they actually took an uninterrupted meal break.

34.     Defendants further required Plaintiffs and putative class members to attend weekly and bi-monthly meetings to inspect vehicles and instruct technicians on work procedures. These meetings lasted anywhere from two to six hours. Defendants knew and were aware at all times that service technicians were not being paid for attendance at these mandatory meetings.

35.     Defendants failed to pay Plaintiffs and those similarly situated for all overtime hours actually worked in any given workweek at a rate of 1.5 times their regular rate of pay.

36.     Defendants improperly failed to pay Plaintiffs and putative class members all compensation rightfully due, including but not limited to, overtime pay for time spent working before and/or after the start of their scheduled shifts and during unpaid meal breaks.

37.     Upon information and belief, Defendants likewise failed to pay Plaintiffs and putative class members for their accrued paid time off upon their separation with Defendants, despite the putative class members otherwise being eligible for paid vacation time under Defendants' employment policy.

38.     Defendants knew and was aware at all times of the above-stated violations.

39.     Plaintiffs and others similarly situated were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of wages and overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs and putative class members in accordance with the requirements of state and federal wage and hour laws, Plaintiffs and class members suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

41.     Plaintiffs bring this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All individuals who were employed or are currently employed by the Defendants as service technicians, or any other similarly-titled position, at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly compensated for time worked in excess of 40 hours in given workweeks (the "FLSA Collective").

42.     This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, and job duties, and are all subject to a common practice, policy, or plan in which Defendants suffered and permitted them to perform work for the benefit of Defendants in excess of 40 hours in given workweeks without compensation at time-and-a-half.

43.     Defendants knew or should have known that the Representative Plaintiffs and the collective class performed work that required additional wages and overtime compensation to be

paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiffs and the collective of wages and overtime compensation.

44.     Defendants' conduct was willful.

45.     There are hundreds of similarly situated current and former service technicians who Defendants failed to properly compensate in violation of the FLSA and who would benefit from the issuance of nationwide court-supervised notice and an opportunity to join the present action if they choose.

46.     The precise number of FLSA Collective members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the collective, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. Mail, email, and otherwise.

## CLASS ACTION ALLEGATIONS

47.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Representative Plaintiffs Fanslau, Houston, and Cruz bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq.*, and the IWPCA, 820 ILCS §115 *et. seq.*, to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

48.     Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding

interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

49. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All individuals who were employed or are currently employed by the Defendants as service technicians, or any other similarly titled position, in the state of Illinois at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly paid for time worked in excess of 40 hours in given workweeks (the "IMWL Class").

50. Section 115/4 of the IWPCA requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 21 days after the end of the pay period in which such wages were earned. 820 ILCS 115/4.

51. The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS 115/2; 820 ILCS 115/5.

52. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IWPCA:

> All individuals who were employed by the Defendants as service technicians, or any other similarly titled position, in the state of Illinois at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not paid for their accrued paid time off upon separation with Defendants (the "IWPCA Class").

53. This action is properly maintainable as a class action under Rules 23(a) and (b) because:

   a.   The class is so numerous that joinder of all members is impracticable;

   b.   There are questions of law or fact that are common to the class;

   c.   The claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class; and,

11

      d.     The Representative Plaintiffs will fairly and adequately protect the interests of the class.

## **Numerosity**

54.    The total number of putative class members is well in excess of 50 individuals. The exact number of class members may be determined from Defendants' payroll and personnel records.

## **Commonality**

55.    There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the class members in that Plaintiffs and all members of the classes have been harmed by Defendants' failure to compensate current and former service technicians for all time worked in excess of 40 hours in given workweeks. The common questions of law and fact include but are not limited to the following:

      a.     Whether Defendants encouraged, suffered, or permitted class members to work before and/or after their scheduled shifts without pay;

      b.     Whether Defendants encouraged, suffered, or permitted class members to work during their unpaid meal breaks;

      c.     Whether Defendants failed to compensate class members for all the work it encouraged, suffered, or permitted class members to perform;

      d.     Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

      e.     Whether Defendants failed to compensate class members final compensation in full at the time of separation or no later than the next regularly scheduled payday; and

      f.     Whether class members suffered damages and the proper measure of those damages.

56.    Plaintiffs anticipates that Defendants will raise defenses that are common to the classes.

### Adequacy

57.     The Representative Plaintiffs will fairly and adequately protect the interests of the class, and there are no known conflicts of interest between Plaintiffs and class members. They have retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### Typicality

58.     The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and have suffered from the same unlawful practices as the class members.

59.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### Predominance and Superiority

60.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small

in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

61.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### (Unpaid Overtime Wages)

62.     Plaintiffs incorporates by reference all preceding paragraphs.

63.     Plaintiffs and the collective group members are "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1), and are not exempt from the FLSA's protections for any reason.

64.     The Representative Plaintiffs and other service technicians or agents are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

65.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

66.     Defendants willfully engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiffs and similarly situated employees for all time worked prior to their regularly scheduled shifts and for work performed during unpaid meal breaks, thereby failing and refusing to pay them the overtime wage compensation required by law and in accordance with Sections 206 and 207 of the FLSA.

67.     Defendants required Plaintiffs and similarly situated employees to perform several tasks off the clock, such as cleaning and maintaining their work vehicles, checking their work assignments, picking up pesticides from Defendants' office, filling their vehicles with gas, driving to their first work assignment of the day, and other work. Defendants failed to compensate them for any time worked before and/or after their scheduled shift in violation of the FLSA, 29 U.S.C. § 211(c).

68.     Defendants further required Plaintiffs and similarly situated employees to attend mandatory meetings, yet did not compensate them for attendance at these mandatory meetings in violation of the FLSA, 29 U.S.C. § 211(c).

69.     Defendants also engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiffs and similarly situated employees for all time worked during unpaid meal breaks.

70.     Defendants does not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiffs and the collective group members are completely relieved from work-related duties, such as taking calls on their cell phones from Defendants' office and completing service jobs, during their entire unpaid meal break.

71. Defendants does not maintain any policy or procedure requiring Plaintiffs and the collective group members to track or report their interrupted meal breaks or allowing them to request wages for an interrupted meal break.

72. Defendants did not pay Plaintiffs and the collective group members overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours in any given workweek.

73. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.

74. Defendants' did not make a good faith effort to comply with the FLSA with respect to the compensation of their service technicians.

75. As a result of Defendants' unlawful acts, they are liable to Plaintiffs and the FLSA Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### (Unpaid Overtime Wages)

65. Plaintiffs incorporate by reference all preceding paragraphs.

66. Plaintiffs Fanslau, Houston and Cruz are members of the IMWL Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

67. The IMWL, 820 ILCS §§ 105/1, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this Act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month

compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

68.     Defendants engaged in a widespread pattern and practice of violating the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked before and/or after their regularly scheduled shifts and during unpaid meal breaks, thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

69.     Plaintiffs and members of the IMWL Class are not subject to any exemption.

70.     Defendants required Plaintiffs and similarly situated employees to perform several tasks off the clock, such as cleaning and maintaining their work vehicles, checking their work assignments, picking up pesticides from Defendants' office, filling their vehicles with gas, driving to their first work assignment of the day, and other work. Defendants failed to compensate them for any time worked before and/or after their scheduled shift in violation of the IMWL, 820 ILCS 105/8.

71.     Defendants further required Plaintiffs and similarly situated employees to attend mandatory meetings, yet did not compensate them for attendance at these mandatory meetings in violation of the IMWL, 820 ILCS 105/8.

72.     Defendants also engaged in a widespread pattern and practice of violating the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked during unpaid meal breaks.

73.     Defendants do not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiffs and the collective group members are completely relieved from work-

related duties, such as taking calls on their cell phones from Defendants' office and completing service jobs, during their entire unpaid meal break.

74.     Defendants do not maintain any policy or procedure requiring Plaintiffs and the collective group members to track or report their interrupted meal breaks or allow them to request wages for an interrupted meal break

75.     As a result of Defendants' violations of the IMWL, Plaintiffs and the IMWL Class have suffered and will continue to suffer a loss of income and other damages.

76.     As a result of Defendants' unlawful acts, they are liable to Plaintiffs and other IMWL Class members for actual damages, liquidated damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

**COUNT III**
**VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Unpaid Accrued Paid Time Off)**

77.     Plaintiffs incorporate by reference all preceding paragraphs.

78.     Plaintiffs Fanslau, Houston, and Cruz are members of the IWPCA Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

79.     Defendants are "employers" and Illinois Plaintiffs were "employees" under the IWPCA, 820 ILCS 115 *et. seq*.

80.     Plaintiffs and the IWPCA Class entered into agreements with Defendants which are valid and enforceable "contracts or employment agreements" as defined by the IWPCA ("Employment Agreements").

81.     The IWPCA requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 21 days after the end of the pay period in which such wages were earned. 820 ILCS 115/4.

82.     The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS 115/2; 820 ILCS 115/5.

83.     Defendants' failure to pay Plaintiffs and putative class members their accrued paid time off upon separation with the company pursuant to the terms of the parties' Employment Agreements constitutes a violation of the IWPCA.

84.     Plaintiffs and putative class members have been damaged by Defendants' violation of the IWPCA

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs Matthew Fanslau, Anthony Houston and Joshua Cruz, individually and on behalf of all others similarly situated, through their attorneys, demand judgment against the Defendants and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A.     Certify a collective action under Count I and designate Plaintiffs as the representatives of all those employees similarly situated;

B.     Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses, and e-mail addresses of all service technicians or any other similarly titled position who have worked for the Defendants within the last three years;

C.     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all service technicians or any other similarly titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.     Certify a class for Counts II and III;

E.     Appoint Stephan Zouras, LLP as counsel for Plaintiffs under Rule 23(g);

F.     Declare and find that the Defendants committed one or more of the following acts:

      i.   Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly situated persons who opt-in to this action;

     ii.   Willfully violated provisions of the FLSA;

   iii.   Violated the IMWL, by failing to pay overtime wages to Plaintiffs and class members; and

   iv.   Violated the provisions of the IWPCA by failing to comply with the Employment Agreements with Plaintiffs and class members.

G.     Award compensatory damages in the amount of one and one-half times Plaintiffs' and similarly situated persons' regular rate of pay for all time they worked in excess of 40 hours per week under the FLSA;

H.     Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL and IWPCA;

I.     Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA, IMWL, and IWPCA;

K.     Grant leave to amend to add claims under applicable state and federal laws;

L.     Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M.     For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Date:   October 26, 2018           Respectfully Submitted,

                                            */s/ Haley R. Jenkins*
                                            James B. Zouras
                                            Ryan F. Stephan
                                            Haley R. Jenkins
                                            **STEPHAN ZOURAS, LLP**
                                            100 N. Riverside Plaza

Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
hjenkins@stephanzouras.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS**

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on October 26, 2018, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

<u>   /s/ Haley R. Jenkins    </u>